**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| TRAMPUS A. THOMAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 1:12-04125** |
| | ) | |
| TROOPER CROWDER, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendants' Motion to Dismiss (Document No. 10.), filed on April 30, 2015. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4ᵗʰ Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving to dismiss. (Document No. 12.) Plaintiff did not file a Response in Opposition. Having examined the record and considered the applicable law, the undersigned has concluded that Defendants' Motion should be granted.

**PROCEDURAL BACKGROUND**

On August 7, 2012, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and a Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document Nos. 1 - 3.) In his Complaint, Plaintiff named the following as defendants: (1) Trooper Crowder; (2) Trooper Fields; (3) Trooper Bruno; (4) Trooper Young; and (5) West Virginia State Police Department. (Document No. 1.) Plaintiff alleges that Defendants used excessive force during

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

his arrest in 2012. (Id., p. 5.) First, Plaintiff appears to allege that he was targeted because of his name. (Id.) Plaintiff contends that "Trooper Young used excessive force by entering [Plaintiff's] home without knocking while the Plaintiff was using the bathroom and when Trooper Young came into the home he grabbed Plaintiff's daughter by the arm restraining her in an abusive manner." (Id., p. 5.) Plaintiff contends that when he exited the bathroom, "Trooper Young then used excessive force, lunged at him, threw him to the floor by using police brutality in doing so." (Id.) Plaintiff complains that Trooper Young kneed him in the back and kidney area when placing Plaintiff in the police car. (Id.) Plaintiff further contends that Trooper Young left Plaintiff unattended in the police car with the windows up and no air conditioning on a "very hot summer day." (Id.) Plaintiff asserts that when Trooper Young completed his "illegal search and seizure" of Plaintiff's home, Trooper Young returned to the car and slapped Plaintiff in the face. (Id., p. 6.) Plaintiff then alleges "he got out of the car fearing for his life and safety and went to a friend's house while hiding in a safe place, then Trooper Fields came in and snatched the Plaintiff up, commenced to beating the Plaintiff, then slammed the door on his leg, grabbed the Plaintiff by the hair and proceeded to beat him."[2] (Id.) Plaintiff further contends that Trooper Fields "drug him through glass on the porch, cutting his feet." (Id.) Plaintiff contends that Trooper Fields transported Plaintiff to the State Police Headquarters in Princeton, West Virginia, where he slammed Plaintiff against the wall. (Id.) Plaintiff claims that Trooper Crowder was present and Plaintiff "begged him for help." (Id.) Plaintiff contends that "Trooper Young proceeded to choke Plaintiff and beat him until he was choked out." (Id.) Plaintiff alleges that Troopers Young, Fields, and Crowder told Plaintiff that if he reported the beating, they would not let him post a P.R. bond. (Id.)

---

[2] Plaintiff appears to be acknowledging that he escaped after he was placed under arrest.

On an unspecified date, Plaintiff alleges that "Trooper Bruno arrested him on a false arrest when he was innocent and Plaintiff was incarcerated and held in Bluefield Jail for one night and had to pay a thousand dollar bond to get out." (Id., p. 7.) Plaintiff alleges that "three days before Court, the charges were dropped and they arrested the guilty party and then convicted him of the crime." (Id.) Thus, Plaintiff alleges that he was maliciously and falsely arrested by Trooper Bruno.[3] (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 8.)

By Order entered on April 8, 2015, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and ordered the Clerk to issue a Summons requiring Defendants to answer or otherwise respond to Plaintiff's claim. (Document No. 6.) On April 9, 2015, the Clerk's Office issued the Summonses. (Document No. 7.) The Summonses were returned executed on April 15 and 16, 2015. (Document Nos. 8 and 9.)

On April 30, 2015, Defendants filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 10 and 11.) Defendants argue that Plaintiff's Complaint should be dismissed based on the following: (1) The claims against the WVSP and the Trooper Defendants in their official capacity are barred by the Eleventh Amendment (Document No. 11, pp. 7 - 8.); (2) "Plaintiff's Complaint is barred by collateral estoppel and/or *res judicata*" (Id., pp. 8 - 10.); and (3) Plaintiff's claims are barred by the statute of limitations (Id., pp. 10 - 12.). As Exhibits, Defendants attach the following: (1) A copy of Plaintiff's Criminal Complaints dated July 13, 2004, as filed in the Mercer County Magistrate Court (Id., pp. 2 - 5.); (2) A copy of Plaintiff's "Criminal Case History" from the Mercer County Magistrate Court (Id., pp. 7 - 10.); (3) A copy of an Affidavit from J.C. Chambers,

---

[3]  The applicable period of limitations for a claim of false arrest and false imprisonment is one-year. *Wilt v. State Auto. Mut. Ins. Co.*, 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); *also see Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978).

Deputy Superintendent of the West Virginia State Police (Id., pp. 12 - 13.); (4) A copy of an Order

from the Circuit Court of Mercer County dated September 12, 2012, as filed in Thomas v. Crowder,

et al., Civil Action No. 12-C-420 (Id., pp. 15 - 16.); and (5) A copy of the "Memorandum Decision"

filed by the West Virginia Supreme Court on October 4, 2013, affirming the Circuit Court's decision

(Id., pp. 19 - 21.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff

on May 1, 2015, advising him of the right to file a response to Defendants' Motion to Dismiss.

(Document No. 12.) Plaintiff, however, has not filed a Response in Opposition.

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129

S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554,

570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for

purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555,

127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the

District Court may not dismiss the Complaint with prejudice, but must permit the amendment.

Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

4

## DISCUSSION

**1.    Official-Capacity Claims:**

In their Motion to Dismiss, Defendants argue that any official capacity claims against them should be dismissed. (Document No. 45, pp. 7 - 8.) Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution.[4] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The Eleventh Amendment protects states from being sued in federal court on the basis of state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The Eleventh Amendment immunity not only applies to states and state agencies, but extends to suits filed against state officials when "the relief sought and ordered has an impact directly on the State itself." Pennhurst, 465 U.S. at 117, 104 S.Ct. at 917. See also, Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996)("This immunity extends to 'arm[s] of the State,' (citations omitted) including state agencies and state officers acting in their official capacity. (citations omitted)). "Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. at 71, 109 S.Ct. at 2312. To the extent Plaintiff is seeking relief from Defendants in their official capacities, the undersigned finds that Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed.

---

[4] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

2.    *Res Judicata*:

The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). The doctrine of *res judicata* applies if the following elements are satisfied: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and present suit; and (3) an identity of the parties or their privies." Pueschel v. U.S., 369 F.3d 345, 354-55 (4th Cir. 2004). The Court will consider the above-referenced elements in determining whether the prior judgment entered by the Circuit Court of Mercer County precludes Plaintiff's claims against Defendants.

First, the undersigned finds that there was a final judgment on the merits by the Circuit Court of Mercer County in Thomas v. Crowder, et al., Case No. 12-C-420 ["Mercer County Civil Action"].[5] By Order entered on September 12, 2012, the Mercer County Circuit Court granted

---

[5]   When addressing a motion to dismiss under Rule 12(b)(6), a court generally may not look outside the complaint unless it treats the motion to dismiss as a motion for summary judgment. A court may, however, take judicial notice of matters in the public record without converting a motion

Defendants' Motion to Dismiss. (Document No. 10-1, pp. 15 - 17.) Specifically, the Mercer County Circuit Court determined that Plaintiff's claims were time-barred and patently false. (Id.) Plaintiff appealed the Circuit Court's decision to the West Virginia Supreme Court. By "Memorandum Decision" filed on October 4, 2013, the West Virginia Supreme Court affirmed the Mercer County Circuit Court's decision dismissing Plaintiff's claims as untimely. (Document No. 10-1, pp. 19 - 21.)

Next, the Court finds that the cause of action in both the earlier suit and the present suit are the same. Lawsuits are deemed to have the same cause of action if the two suits "arise from the same transaction or series of transactions or the same core of operative facts." Harnett v. Billman, 800 F.2d 1308, 1312 n. 1 (4th Cir. 1986); see also Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (1987)("Two causes of action are deemed the same for the purposes of *res judicata* only if the same evidentiary facts would support both actions."). Identical to the Mercer County Civil Action, Plaintiff bases his present suit upon the allegation that Defendants subjected him to excessive force and police brutality between 2005 and 2012. Plaintiff further alleged that Defendants actions resulted in him being falsely arrested and falsely imprisoned.[6] Therefore, the undersigned finds that claims set forth in the Mercer County Civil Action arise out of the same circumstances and are therefore the same as the claims in the present case.

Finally, the undersigned finds that the Mercer County Civil Action and the present action

---

to dismiss into one for summary judgment. *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176 (4th Cir. 2009). This includes prior or other court records. *See Witthohn v. Federal Insurance Co.*, 164 Fed.Appx. 395 (4th Cir. 2006).

[6] The Circuit Court determined that "none of the Defendants herein arrested the Plaintiff in 2012; the Plaintiff's most recent charges were brought by Detective D.R. Murray of the Princeton Police Department. Indeed, official court records indicate no arrests by Defendants Crowder, Fields, and Young against this Plaintiff since 2006." (Document No. 10-1, p. 16.)

involve identical parties. Specifically, Plaintiff and Defendant Troopers Crowder, Fields, Young, Bruno, and the West Virginia State Police were all parties to the Mercer County Civil Action and the instant case.

Based on the foregoing, the undersigned finds that Plaintiff's present action against Defendants is barred by the doctrine of *res judicata*. The prior lawsuit (1) was a final judgment on the merits, (2) involved the same causes of action, and (3) involved the same parties. The Court further finds that Plaintiff had a full and fair opportunity to litigate the claims in the prior action brought before the Mercer County Circuit Court. Accordingly, the undersigned recommends that the District Court grant Defendants' Motion to Dismiss (Document No. 10.).[7]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendants' Motion to Dismiss (Document No. 10.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

---

[7] The undersigned finds it unnecessary to address Defendants' alternative argument that Plaintiff's claims are untimely.

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 17, 2015.

R. Clarke VanDervort
United States Magistrate Judge